NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 28993

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EARNEST LUTHER ROBERTS, also known as "er695,"
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1245)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant Earnest Luther Roberts, also known as "er695," (Roberts) appeals from the Judgment of Conviction and Sentence filed on January 18, 2008 in the Circuit Court of the First Circuit (circuit court).[1] A jury found Roberts guilty of Electronic Enticement of a Child in the First Degree (electronic enticement), in violation of Hawaii Revised Statutes (HRS) § 707-756 (Supp. 2007).  The circuit court sentenced Roberts to ten years of incarceration, with credit for time served.

On appeal, Roberts contends the circuit court

(1)  erred in denying his second oral motion for judgment of acquittal (JA Motion) because the State of Hawai'i (State) failed to adduce sufficient evidence to sustain the conviction;

(2)  plainly erred by trying this case because the court lacked subject matter jurisdiction over the indictment since he did not use a computer or any other electronic device in the City and County of Honolulu (Honolulu), within the meaning of HRS § 707-756; and

(3)  abused its discretion in sentencing him to an open ten-year term of imprisonment, which was "10 times harsher" than the defendants in two of three similar Hawai'i cases.

---

[1]  The Honorable Jennifer Ching (Judge Ching) issued the Judgment of Conviction and Sentence, and Judge Ching and the Honorable Michael A. Town presided at trial.

Roberts requests that we vacate and remand this case for entry of judgment of acquittal. Alternatively, he asks that we remand the case for re-sentencing consistent with HRS § 706-606(4) (Supp. 2008).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Roberts's points of error as follows:

(1) The circuit court did not err in denying Roberts's JA Motion because the State adduced sufficient evidence to sustain the conviction. The record on appeal provides substantial evidence that Roberts intended to meet with the "minor" at the agreed upon location. He discussed meeting with the "minor" numerous times via the computer chat room and telephone conversations. A majority of the time, he clearly intended and looked forward to meeting with the "minor." His actions of parking kitty-corner to the Humane Society and, according to Agent Kim's testimony, focusing his attention on the Humane Society for forty-six minutes straight, strongly suggest he had intended to or knew he had traveled to the agreed upon meeting place. That he did not go to the benches fronting the Humane Society building is of little consequence; the record clearly shows that he had agreed to meet the "minor" at the Humane Society in general. See HRS § 707-756 (Supp. 2007); State v. Nicholson, 120 Hawai‘i 480, 482 & 484-85, 210 P.3d 3, 5 & 7-8 (2009).

The State did not entrap Roberts. Roberts consistently introduced the topic of engaging in sexual activity in his conversations with the "minor"; broached the prospect of meeting the "minor" in person; and asked the "minor" to engage in oral sex and sexual intercourse with him on numerous occasions, after the "minor" explicitly informed him that "she" was thirteen years old and repeatedly invoked "her" age by reference to "her" anatomy, school, and parents and grandparents. The "minor" expressed hesitation about meeting with Roberts and gave him many opportunities to back out of their plan. See HRS § 702-237

2

(1993); <u>Nicholson</u>, 120 Hawai'i at 482-83 & 486, 210 P.3d at 5-6 & 9; <u>United States v. Myers</u>, 575 F.3d 801, 805 (8th Cir. 2009); <u>United States v. Chaudhry</u>, 321 Fed. Appx. 119, 121-22, (3d Cir. 2009).

(2)   The circuit court had subject matter jurisdiction over the indictment.  <u>See</u> HRS § 708-895 (Supp. 2008); <u>State v. Stan's Contracting, Inc.</u>, 111 Hawai'i 17, 32, 137 P.3d 331, 346 (2006); Hawai'i Rules of Penal Procedure Rule 18.

(3)   The circuit court did not abuse its discretion in sentencing Roberts to an open ten-year term of imprisonment.  <u>See</u> HRS § 707-756(2) (Supp. 2007).

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on January 18, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, January 11, 2010.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Albert Cook,
Deputy Attorney General,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3